*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-025

OCTOBER TERM, 2013

| | |
|---|---|
| Nicole Williams | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Family Division |
| | } |
| | } |
| James McMillan | } DOCKET NO. 651-9-03 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Father appeals a court order modifying parent-child contact. On appeal, father argues that the court erred in requiring him to travel to Virginia to visit with his children. We reverse and remand.

The parties have three children together. In March 2004, the court approved the parties' stipulation regarding parental rights.[1] The order granted the parties joint legal responsibility and sole physical rights to mother with parent-child contact to occur "as agreed to by the parties." At some point, mother and the children moved to Virginia.

This appeal is based on events that took place during the summer of 2012. In prior summers, father had visited with the children in Vermont, apparently his only opportunities for parent-child contact. In 2012, mother informed father that she wanted him not to take the children out of Virginia for the visit. Father traveled to Virginia to visit the children and planned to stay with them at a hotel. However, he then transported them out of state and informed mother he was bringing them to Vermont. Mother objected to father bringing the children to Vermont. Father filed a motion to modify parent-child contact in September 2012. Father requested that the contact provisions of the parentage order be amended to establish times for contact instead of simply stating that contact will occur "as agreed to by the parties."

The court held a hearing on the motion on December 4, 2012. Father and mother both spoke at the hearing in support of their positions. Mother explained that it is difficult to schedule father's summer visits with the children and that she often is responsible for transporting the children. She also explained that she was concerned about the children being in father's care in Vermont given his polygamous lifestyle. Father argued he was not practicing polygamy and that

---

[1] The March 2004 order names two of the parties' children. In September 2005, as part of child-support proceedings, the Office of Child Support moved to establish father's parentage to a third child. Neither party appeared at the hearing. In an order, the court found parentage based on father's prior acknowledgment, but did not determine parental rights or parent-child contact. The record does not indicate that subsequently parental rights or parent-child contact regarding the third child were ever set by court order.

the children were safe with him. Father requested that he have the children for two months in Vermont during the summer months, as he had done previously. Neither party was sworn in during the proceeding, and neither party objected to that procedure.

At the end of the hearing, the court found that there were difficulties in arranging parent-child contact in Vermont, and that contact should occur in Virginia. In a written order, the court modified legal responsibility by granting mother sole legal rights and responsibility, a modification she never sought. As to contact, the court specified that parent-child contact should occur in Virginia where the children reside unless otherwise agreed to by the parties. Father appealed.

On appeal, father challenges some of the evidence presented at the hearing.[2] Father requests that he be permitted contact with the children for two months in the summer absent any geographic restrictions.

To modify parental rights and parent-child contact, the court must first determine that there has been an unanticipated change of circumstances. 15 V.S.A. § 668(a); Gates v. Gates, 168 Vt. 64, 69 (1998). If there is a change of circumstances, the court must then determine the best interest of the child. Id. The family court has broad discretion in crafting a parent-child contact schedule that serves the best interests of a child, and its decision will not be reversed unless clearly unreasonable on the facts presented or based on unfounded considerations. Id. at 74. We review findings of fact for clear error, and we will uphold the court's conclusions where supported by the findings. Spaulding v. Butler, 172 Vt. 467, 475 (2001). "As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence." Cabot v. Cabot, 166 Vt. 485, 497 (1997).

Despite the court's broad discretion in child-custody matters, two errors in the court's decision require reversal. First, the court's order is silent on whether a change of circumstances occurred. The question of whether changed circumstances existed is a threshold matter that must be addressed, or there is no jurisdiction to alter the prior custody agreement.[3] See Maurer v. Maurer, 2005 VT 26, ¶ 7, 178 Vt. 489 (mem.) (explaining modification of parental rights and responsibilities is dependent upon finding of changed circumstances); see also Braun v. Greenblatt, 2007 VT 53, ¶ 10, 182 Vt. 29 (explaining that finding of changed circumstances is a "jurisdictional prerequisite" to modification of maintenance). The court made no oral or written determination regarding a change of circumstances. At the hearing, the court found that there were difficulties with parent-child contact in Vermont, and in the subsequent order modified both parental rights and responsibilities and parent-child contact by changing a shared legal custody arrangement to sole legal rights with mother and requiring visits to occur in Virginia. Without a

---

[2] Mother has appended to her appellee's brief copies of emails sent to her from various individuals regarding information about father. Because these letters were not part of the record before the trial court, we do not consider them on appeal. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) (explaining that review on appeal is confined to the record and evidence adduced at trial); V.R.A.P. 10 (describing the record).

[3] For this reason, we must remand for a determination of whether there was a change of circumstances even though father has not raised the issue of changed circumstances in his appellate brief.

decision on whether there was a change of circumstances, there was no jurisdiction to modify the existing order regarding parent-child contact and parental rights and responsibilities.

We acknowledge that the court was not required to make findings absent a request from a party. V.R.C.P. 52(a)(1); Maurer, 2005 VT 26, ¶ 12 (explaining that where court makes findings on its own initiative those findings must be adequate for review). Here, however, the issue is not simply a lack of sufficient findings, but a total lack of a decision on a threshold issue. Therefore, we remand for the court to consider whether a change of circumstances existed for purposes of modifying parent-child contact and parental rights and responsibilities. See Hawkes v. Spence, 2005 VT 57, ¶ 20, 178 Vt. 161 ("The burden of showing changed circumstances with respect to a motion to alter parent-child contact is 'not as high' as the heavy burden of showing changed circumstances with respect to a motion seeking a change of custody."). If such a change is present, the court may then consider the best interests of the children and determine whether to modify the existing order. Given the passage of time since the court's decision and the lack of sworn evidence offered at the prior hearing,[4] the court should conduct an additional evidentiary hearing prior to resolution of the motion.

Second, the order fails to delineate father's rights to parent-child contact. Absent a finding by clear-and-convincing evidence that visitation would be detrimental to the children, father has a right to contact with his children. See Engel v. Engel, 2012 VT 101, ¶ 13. Here, no such finding was made; therefore, the court was bound to craft a contact schedule that preserved father's right to contact. The court simply specified that contact is to occur in Virginia without giving father a right to contact at any particular time or for any particular period, leaving considerable discretion to mother. On remand, the court is directed to establish a set schedule for father's contact.

Reversed and remanded.

---

[4] The parties were not sworn in at the hearing in this case. Because neither party objected to this infirmity, this error alone does not require reversal. See Hanson-Metayer v. Hanson-Metayer, 2013 VT 29, ¶¶ 38-39 (holding that failure to administer oath to parties did not require reversal where appealing party did not object). We note, however, that the hearing had elements of a free-for-all with each party interrupting and talking over the other participants, including the court; parties making significant assertions with no apparent foundation; and parties relying heavily on hearsay to support their respective positions. We cannot conclude that the informality of the proceeding was conducive to a full and fair consideration of each party's position and the resolution of factual disputes in their narratives.

BY THE COURT:

_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice

4